PERTH AMBOY GAS LIGHT COMPANY, complainant-respondent,

*v.*

ALEXANDER KILEK, administrator, &c., of Eva Kilek, deceased, et al., defendants-appellants.

[Decided May 14th, 1928.]

1. A dead, human body, once buried, is in the custody of the law, and removal and disturbance of such body is subject to the jurisdiction of a court of equity. But the power to disturb a dead body shall not be exercised unless it be clearly shown that good cause and urgent necessity for such action exist.

2. Good cause and urgent necessity, in a matter such as arises in this case, are to be gauged and measured by the reasonable probability of the cause of death being capable of establishment by the exhumation and autopsy. From the proofs in this case, such reasonable probability does not exist.

---

On appeal from a decree in the court of chancery.

*Mr. Thomas Brown,* for the appellants.

*Mr. Edward A. Markley* and *Mr. David A. Newlon,* for the respondent.

The opinion of the court was delivered by

CAMPBELL, J.

Eva Kilek, appellant's wife, died February 15th, 1926. The cause of death set forth in the certificate of death was "suffocated by illuminating gas. Accident."

On August 16th, 1926, appellant, as administrator *ad prosequendum,* brought suit against respondent under the Death act, charging that the death of his wife was due to negligence of the respondent in permitting illuminating gas to escape from its mains into the premises occupied by the appellant and his family. On January 12th, 1927, a few days before the cause was coming on for trial, respondent filed its bill setting up the foregoing facts and stating that appellant's decedent was (it was informed by neighbors), on February 14th and 15th, suffering from diarrhœa and dysentery; that on December 31st, 1926, the attorneys for the respondent had applied to the attorney for the appellant for leave to make an autopsy which was refused, and that on January 6th, 1927, a demand for such purpose had been made upon the coroner and refused.

The bill of complaint prays for a decree permitting exhumation of the body and an autopsy, and that appellant be restrained from prosecuting his action at law until such autopsy has been made.

An order for a preliminary, *ad interim,* stay was entered and upon appeal to this court was reversed upon the ground that the proofs upon which such order was based were merely hearsay. *101 N. J. Eq. 805.*

Upon final hearing a decree was advised that the proceeding at law be restrained until and unless an autopsy be permitted and consented to by the appellant.

The present appeal does not attack the right of the court of chancery, in a proper case, to make such a decree as that before us.

We are not called upon, therefore, to determine whether or not that court was clothed with such power or had jurisdiction in such a matter.

Four grounds of appeal are presented and urged:

1. The facts do not warrant the decree.

2. The relief sought is neither necessary nor essential to the defense of the action at law.

3. The complainant-respondent is guilty of laches.

4. Because of the three foregoing grounds the decree is not in accord with the decisions of the courts of this state.

All of these grounds can be said to be directed to one complaint against the decree, and that is that the facts and circumstances presented to the court below did not warrant the making of such decree.

This we think is so.

A dead human body, once buried, is in the custody of the law, and removal and disturbance of such body is subject to the jurisdiction of a court of equity, which, in such matters, in this country, is the successor of the ecclesiastical courts, but the power to disturb a dead body should not be exercised unless it be clearly shown that good cause and urgent necessity for such action exist. *Peters* v. *Peters, 43 N. J. Eq. 140; Toppin* v. *Moriarty, 59 N. J. Eq. 115; Smith* v. *Shepard, 64 N. J. Eq. 401; de Festetics* v. *de Festetics, 79 N. J. Eq. 488.*

And in a matter such as that before us, good cause and urgent necessity are to be gauged and measured by the reasonable probability of the cause of death being capable of establishment by the exhumation and autopsy.

We conclude that the proofs here do not establish that an autopsy would in reasonable probability establish the cause of death and therefore good cause and urgent necessity for the exhumation of the body and an autopsy do not exist calling for the decree in question.

The decree will therefore be reversed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, KATZENBACH, LLOYD, JJ.  4.

*For reversal*—PARKER, MINTURN, KALISCH, BLACK, CAMPBELL, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.  11.