HERBERT LEVINE ET AL., PLAINTIFFS-APPELLANTS, v.
PETER BOCHIARO, DOING BUSINESS AS ANNETTE
CONTRACTORS, DEFENDANT, AND ROSE PECORELLA
AND GEORGE PECORELLA, DEFENDANTS-RESPOND-
ENTS.

Argued February 4, 1948—Decided May 13, 1948.

For the plaintiffs-appellants, *L. Stanley Ford* and *Adolph Schlesinger*.

For the defendants-respondents, *Murray A. Laiks* and *Aaron Heller*.

The opinion of the court was delivered by

SCHETTINO, J.   This is an appeal from a judgment of the Supreme Court reversing a judgment in favor of the plaintiffs and against the defendants Rose Pecorella and George Pecorella, entered in the Fifth Judicial District Court of the County of Bergen.   The trial court gave judgment in favor of the defendant Bochiaro, from which plaintiffs did not appeal.

Rose Pecorella and George Pecorella owned a factory building occupied by several tenants. These defendants controlled and operated a common heating system. Personal property owned by the plaintiffs was in the possession of a tenant for processing. As the result of an explosion within a boiler, soot and smoke escaped and permeated the demised premises, causing damage to the property of the plaintiffs. For that damage, plaintiffs recovered judgment.

On appeal to the Supreme Court defendants raised the single question whether the trial court erred in denying their motion for judgment. The Supreme Court concluded that the loss was caused solely by the failure of an independent contractor, engaged by these defendants, to make proper repairs to an oil burner. On the facts as thus conceived, the Supreme Court disposed of the case by holding that, where a lessor engages a reputable contractor to place a common facility in good working order, the lessor is not liable for the failure of the contractor to achieve the result for which he was engaged.

We think that the judgment of Supreme Court must be reversed and the judgment of the District Court affirmed.

We are unable to agree that the record shows that the loss resulted solely from the failure of the independent contractor to perform properly the work for which he was engaged. From the agreed state of facts, it appears that an engineering expert in heating equipment testified to the following: There were two boilers. The boiler in which the explosion occurred was a steel horizontal fire tube low pressure heating boiler, fired by an oil burner. The other boiler was a high pressure vertical steel boiler also fired by an oil burner. Both boilers were connected to a common chimney by means of a metal flue pipe connection. The chimney clean-out door was missing. The boiler room was not tight or fireproof in that the top course of blocks was missing so that soot and smoke generated in the boiler room could escape to other parts of the building. The oil burner which was involved in the occurrence had been installed in the fire-door rather than in the ashpit door as required by proper installation, and the fire-door had been cut in half to permit the introduction of the blast tube into the furnace. On the day in question, the fire retarding boiler room door was left ajar.

The expert further testified that, because the blast tube was installed through the fire-door, the combustion volume of the boiler was so reduced that there was insufficient space to absorb the normal expansion of the burning oil vapors, that the single chimney was inadequate to serve both boilers, that it was probable that both oil burners started at the same time, with the result that the expanding burning oil vapors forced the doors open and that the oil burner continued to operate producing soot and smoke which poured out of the boiler room into the rest of the building.

Defendants offered testimony that sometime before December 1st, 1945, there had been some water in the cellar as a result of which the oil burner was not in good working order. Defendants engaged Milos System Devices, long experienced in repairing oil burners, to put the oil burner in good condition. Milos was concededly an independent contractor. The repair work was started on October 15th, 1945, and completed on November 30th, 1945. The oil burner was put in operation on November 30th, 1945, and the explosion took place in the early morning of the following day.

Just what were the difficulties with the oil burner which Milos was engaged to correct does not appear. Nor does the record suggest any connection between the work which Milos was engaged to do and the above described structural conditions which made the system inadequate to carry off the resulting gases and the boiler room inadequate to contain the soot and smoke which might escape from the boiler. The oil burner, which was the part of the system which Milos was engaged to repair, continued to function after the doors were blown open. The evidence could fully support the conclusion, that the explosion resulted from the inadequate combustion space and chimney. Plaintiffs' expert so testified. For the defense Milos testified that he did not know what caused the explosion, but on cross-examination conceded that it might have occurred because the oil burner was improperly installed in the fire-door instead of in the ashpit door or because two burners in two different boilers started simultaneously.

The motion for judgment raised the question whether there was any evidence to support a finding of negligence. We think there was. The trier of the facts could well find that

the structural deficiences with respect to the installation of the burner, the inadequacy of the chimney, the absence of the top course of blocks, and the fact that the fire retarding boiler room door was left ajar constituted negligence chargeable to the defendants. The motion was, therefore, properly denied. *Mazanek* v. *Penna.-Reading Seashore Line (Court of Errors and Appeals, 1940)*, 125 *N. J. L.* 394; *Sardino* v. *Agnellino (Court of Errors and Appeals, 1937)*, 119 *Id.* 7. "It is established that the finding of the District Court upon questions of fact will not be reviewed on appeal beyond inquiring whether there was any legal evidence upon which the finding might be based." *Fratello* v. *City of Newark (Court of Errors and Appeals, 1945)*, 133 *Id.* 19, 20.

Accordingly the conclusion that the motion should be denied could properly be reached without attributing to defendants the negligence, if any, of Milos.

But, if it may be assumed that the plaintiffs' loss resulted solely from the failure of Milos to make proper repairs to the oil burner, defendants nevertheless are liable. It is settled that a landlord who leases portions of a building is obliged to exercise reasonable care in the maintenance of common parts and facilities under his control, to the end that the premises will be reasonably fit and safe for the uses to which he has invited others to make of them. *Perry* v. *Levy (Court of Errors and Appeals, 1915)*, 87 *N. J. L.* 670; *Ryan* v. *Delaware, Lackawanna and Western Railroad Co. (Court of Errors and Appeals, 1905)*, 72 *Id.* 266; *Siggins* v. *McGill (Court of Errors and Appeals, 1905)*, 72 *Id.* 263; *Gillvon* v. *Reilly (Supreme Court, 1887)*, 50 *Id.* 26. That duty is non-delegable. He may not relieve himself of that duty by his unilateral act of engaging an independent contractor to discharge it for him. Where the duty is non-delegable, a distinction is drawn between the incidental negligence of the contractor committed in the course of the work and the failure of the contractor to produce a reasonably safe result. A lessor is not liable for the negligent acts or omissions of an independent contractor which occur in the course of the performance by the contractor of the work if the ordinary mode of doing the work is not a nuisance. *Zarillo* v. *Satz (Court of Errors and Appeals, 1937)*, 118 *Id.* 576; *Sarno* v. *Gulf*

*Refining Co. (Supreme Court,* 1924), 99 *Id.* 340; *affirmed (Court of Errors and Appeals,* 1925), 102 *Id.* 223; 2 *The American Law Institute, Restatement of the Law of Torts,* §§ 426, 427.

But the duty being non-delegable, the lessor is liable for the defects in the ultimate result accomplished by his contractor. In other words, the lessor's duty to exercise due care in the maintenance of a common facility remains with him whether the lessor chooses to discharge that duty himself, or by his employee, or by a third party who, as to the landlord, may have the status of an independent contractor. This is the conclusion deliberately expressed by this court in *Hussey* v. *Long Dock Railroad Co. (Court of Errors and Appeals,* 1924), 100 *N. J. L.* 380, and its validity was recognized in *Zarillo* v. *Salz, supra* (118 *Id.,* at *p.* 577). See the concurring opinion of Mr. Justice Heher in *Snowden* v. *Marks (Court of Errors and Appeals,* 1935), 115 *Id.* 615.

The conclusion here reached is supported by the weight of authority elsewhere. 29 *A. L. R.* 736, 766; 90 *A. L. R.* 50; 162 *A. L. R.* 1111. The American Law Institute in the *Restatement of the Law of Torts* in dealing with "harm caused by the negligent failure of the contractor to attain a result which it is the duty of the employer to have attained" lays down a like principle (section 421):

"*Maintenance of Structures on Land Retained in Lessor's Possession Necessary to Tenant's Enjoyment of Leased Land.*

"A possessor of land who, having leased a part thereof, is under a duty to maintain in reasonably safe condition the part retained by him, and who entrusts the repair of such part to an independent contractor, is subject to the same liability to the lessee, and others upon the retained part of the land with the consent of the lessee, for bodily harm caused by the negligence of the contractor in failing to maintain such part of the land in reasonably safe condition, as though the lessor had himself retained the making of the repairs in his own hands."

We think this rule is reasonable. The party to whom the lessor owes a non-delegable duty ought not to be required to concern himself with contracts made by the lessor for the discharge of that duty. The lessor may secure indemnity

by agreement with the contractor or by the pursuit of such remedies as the law may afford in the premises.

The case of *Rosenquist* v. *Brookdale Homes, Inc.* (*Court of Errors and Appeals,* 1945), *133 N. J. L.* 305, is not inconsistent with this view. Brookdale Homes, Inc., was bound by contract to complete a house for Rosenquist. Brookdale engaged Berkowitz, an independent contractor, to complete the work. The accident was caused by acts of employees of Berkowitz during construction which related to the manner in which the work was carried on, and was not caused by defects in the result which Brookdale was under a duty to attain. The distinction was clearly expressed by Mr. Justice Colie (at *pp.* 307-308) :

"The governing rule is succinctly stated by the American Law Institute in 2 *Restatement of the Law of Torts,* § 426, that 'an employer of an independent contractor is not liable for bodily harm caused by any negligence of the contractor which does not effect the result which the employer is under a duty to have attained but consists solely in the improper manner in which the contractor does the detail of the work necessary to attain such result.' The obligation of Brookdale Homes, Inc., was to build a duplicate of a specified house and there is no evidence that the work which Berkowitz was performing fell short of the standard which the contract of Brookdale Homes, Inc., with the Rosenquists called for."

Defendants further contend that plaintiffs may not maintain this action because of the lack of privity of contract between them. The action is not upon contract. It is in tort. The property of the plaintiffs was lawfully upon the premises. Defendants owed plaintiffs a duty to exercise due care in the maintenance and operation of the common facilities under their control. This is convincingly shown in *Whellkin Coat Co.* v. *Long Branch Trust Co.* (*Supreme Court,* 1938), 121 *N. J. L.* 106.

The judgment of the Supreme Court is reversed, and the judgment of the District Court is affirmed, with costs.

*For affirmance*—WACHENFELD, J. 1.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, HEHER, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 10.