CHARLES G. LUTZ, PLAINTIFF–RESPONDENT, v. H. WILSON RYNO, DEFENDANT–APPELLANT.

Argued January 31, 1949—Decided February 14, 1949.

*Mr. Lloyd G. Beatty* argued the cause for the defendant-appellant (*Messrs. Egner & Beatty,* attorneys; *Mr. Joseph Weintraub* on the brief).

*Mr. Abraham M. Herman* argued the cause for the plaintiff-respondent.

The opinion of the court was delivered by

OLIPHANT, J. The former Supreme Court reversed a judgment of the District Court of the Essex County Judicial District. The issue was heard by the District Court Judge, sitting without a jury. No transcript of the testimony was made.

The suit was based on an oral contract of employment for commissions allegedly earned before its cancellation. The state of case settled by the Court sets forth that the plaintiff testified he made an agreement with defendant whereby he was engaged as a salesman at a weekly salary plus a commission or

bonus of one percent on gross sales. Defendant testified he told plaintiff he would pay him a bonus "if and when I could afford it" which would be one percent of the total sales. The bonus was paid for about two years and was then discontinued. Apparently no evidence was offered as to defendant's ability to pay.

Thus a sharp clear issue of fact was presented, as to the terms of employment, which the trial judge resolved in favor of the defendant, in the following language, "The payments were bonuses and not commissions and no consideration passed for the giving of bonus which was only to be paid 'if and when' the defendant determined he could afford the payment of the same and plaintiff failed to sustain his burden of proof."

██ Under the provisions of the District Court Act, *R. S.* 2:32–202, 204, on an appeal such as here taken, findings of fact on conflicting evidence will not be reviewed unless there was no legal evidence to support the verdict. Questions reviewable are limited to the determination or direction of such District Court in point of law or upon the admission or rejection of evidence. *Pollack v. N. J. Bell Tel. Co.,* 116 *N. J. L.* 28 *(Sup. Ct.* 1935); *Fratello v. Newark,* 133 *N. J. L.* 19 *(E. & A.* 1945); *Levine v. Bochiaro,* 137 *N. J. L.* 215 *(E. & A.* 1948).

██ An examination of the record discloses legal evidence to support the verdict and no error in point of law. If, as the trial court found, the promise to pay was "if and when defendant could afford it" this was not an absolute but a conditional and qualified promise. The plaintiff was therefore under a duty to prove the ability of the promisor to pay the debt which he alleged was due and this he did not do. *Parker v. Butterworth,* 46 *N. J. L.* 244 *(Sup. Ct.* 1884); 94 *A. L. R.* 721. The Appellate Court will assume a finding of fact that will support the judgment. *Pollack v. N. J. Bell Tel. Co., supra.* The case of *Myers v. J. Wiss & Sons Co.,* 94 *N. J. Eq.* 189 *(E. & A.* 1922), cited in the opinion of the Supreme Court is distinguishable inasmuch as there the contract to pay was unconditional.

The judgment of the Supreme Court is reversed and that of the District Court affirmed.

*For reversal:* Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, BURLING, and ACKERSON—6.

*For affirmance:* None.