604 A.2d 970

BESSIE J. JONES, PLAINTIFF–APPELLANT, v. ROY JONES, JR. AND PATSY SHAW, DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued January 8, 1992—Decided March 20, 1992.

Before Judges DREIER, GRUCCIO and BROCHIN.

*John P. Morris* argued the cause for appellant (*John P. Morris*, attorney, *John P. Morris* and *Donna G. Dingler*, on the brief).

*Sherrie Gibble*, Deputy Attorney General, argued the cause for respondent Attorney General of New Jersey (*Robert J. Del Tufo*, Attorney General of New Jersey, attorney, *William Malloy*, Deputy Attorney General, on the brief).

No other parties participated in this appeal.

The opinion of the court was delivered by

BROCHIN, J.A.D.

Roy H. Jones, Sr. died on September 9, 1980. The next day, his widow, plaintiff Bessie J. Jones purchased two burial plots in the Willow Grove Methodist Church Cemetery in Pittsgrove Township, New Jersey, with arrangements for "perpetual care," and Mr. Jones was interred there.

In the years following Mr. Jones' death, plaintiff has become dissatisfied with the care provided for the grave site. For many years she herself attended to the site and mowed the grass. But she is now seventy-seven years old and unable to

continue tending to the grave site herself. Plaintiff is also concerned about the time when she herself will pass on. She wants to be buried with her husband, but is reluctant to be interred in a final resting place which she feels will be entirely neglected with her passing. She therefore decided that her late husband's remains should be disinterred and reburied in the Siloam Cemetery in Vineland, New Jersey, alongside a plot for herself.

When plaintiff attempted to have a funeral director arrange for the disinterment of her late husband's remains and their reburial at Siloam Cemetery, she was told that there could be no disinterment because their two children had not signed the disinterment permit. Mrs. Jones was estranged from her children. Alleging that she did not know where they resided, she commenced a suit by complaint and order to show cause to obtain a court order for the disinterment, and served them by publication.

On the return of the order to show cause, the two children and a grandchild appeared in court and testified in opposition to plaintiff's application. The decedent's children told the court that their father wanted to be buried in the Willow Grove Cemetery because it reminded him of the small town in Alabama where he was born, and because a granddaughter was buried in the Willow Grove Cemetery. The children also offered to contribute to the church which operated the Willow Grove Cemetery in order to provide funds for the care of their father's grave.

The trial judge denied the plaintiff's application for disinterment. In an oral opinion on the record and in a subsequent letter opinion, he ruled that *N.J.S.A.* 8A:5–20, the disinterment statute, had not been complied with because Mr. Jones' children objected to the disinterment and that, in light of the children's objections, plaintiff had not established good cause for the disinterment and reburial.

On appeal, plaintiff argues that she has established good cause for granting her application, that the objections of her estranged children were irrelevant to a determination of whether there was good cause for the disinterment, and that the trial judge had erroneously posited "urgent necessity" rather than good cause as a condition for the disinterment. She also argues that *N.J.S.A.* 8A:5–20 authorizes disinterment without a showing of good cause and that the statutory requirement for the children's consent should be held inapplicable in the present case, because the children were disinherited by their father and are estranged from her. Alternatively, plaintiff argues that if the consent of both children is required for compliance with the statute, then *N.J.S.A.* 8A:5–20 is unconstitutional. The latter argument was not raised before the trial court.

*N.J.S.A.* 8A:5–20 states:

> Remains interred in an interment space in a cemetery may be removed therefrom, with the consent of the cemetery company and written consent of the owner or one of the owners of the interment space and of the surviving spouse and children, if of full age.

When the statute was originally enacted as *L.*1971, *c.* 333, § 8A:5–20, it included a sentence which read as follows:

> If the consent of any such person or of the cemetery company cannot be obtained, the permission of the New Jersey Cemetery Board shall be sufficient.

In 1973 the legislature deleted this provision authorizing the cemetery board to grant permission for disinterment when all of the consents otherwise required were not forthcoming.

In our view, *N.J.S.A.* 8A:5–20 is intended to obviate the need for court approval when the specified consents are available. We have not found any legislative history explaining the 1973 amendment. However, in view of the ancient and well established equitable jurisdiction over the disposition and disinterment of dead bodies, we conclude that the jurisdiction of the cemetery board was deleted by the 1973 amendment in order to eliminate any question about the continuing jurisdiction of the Superior Court as the successor to the former Court of Chancery over the protection of dead bodies. *See Petition of*

*Sheffield Farms Co.*, 22 *N.J.* 548, 556, 126 *A.*2d 886 (1956). The statute is permissive, permitting disinterment without recourse to a court when the requisite consents are forthcoming, but it does not preclude a court order for disinterment in an appropriate case even over the objection of a spouse or adult child.

■ Plaintiff's argument that the statute as applied to this case is unconstitutional is clearly without merit. *R.* 2:11–3(e)(1)(E).

■ Whether the test for granting an application to disinter a decedent's remains is "good cause and urgent necessity" or, in a purely private case, simply "good cause," we hold that plaintiff has failed to establish good cause for her application. *Compare Petition of Sheffield Farms Co., supra,* (worker's compensation investigation); *Perth Amboy Gaslight Co. v. Kilek,* 102 *N.J.Eq.* 588, 141 *A.* 745 (E & A 1928) (request for autopsy in determining negligence) with *Felipe v. Vega,* 239 *N.J.Super.* 81, 570 *A.*2d 1028 (Ch.Div.1989) (accessibility of grave site to decedent's loving companion and child). *See also Renga v. Spadone,* 60 *N.J.Super.* 353, 360, 159 *A.*2d 142 (Ch.Div.1960); *Guerin v. Cassidy,* 38 *N.J.Super.* 454, 458, 119 *A.*2d 780 (Ch.Div.1955); *Fidelity Union Trust Co. v. Heller,* 16 *N.J.Super.* 285, 292, 84 *A.*2d 485 (Ch.Div.1951).

The judgment appealed from is affirmed.