723 A.2d 1016

G & L ASSOCIATES, INC. AS SUCCESSOR TO G & S ASSOCIATES, INC., PLAINTIFF–APPELLANT, v. 434 LINCOLN AVENUE ASSOCIATES, A NEW JERSEY PARTNERSHIP, EUGENE KLEINWAKS, INDIVIDUALLY AND AS A PARTNER OF 434 LINCOLN AVENUE ASSOCIATES, RANDY KLEINWAKS, INDIVIDUALLY, RANDY KLEINWAKS TRUST, JEFFERY KLEINWAKS TRUST AND LORRIE KLEINWAKS TRUST, EUGENE KLEINWAKS, TRUSTEE, MARLENE MEIL BYCK, PHYLLIS MEIL OSSEN, BARBARA F. SILVERWOLF, MARCIA L. LEVINE, NELSON FERNANDEZ, ALL AS PARTNERS OF 434 LINCOLN AVENUE ASSOCIATES DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued February 10, 1999—Decided February 25, 1999.

Before Judges KING, WALLACE and NEWMAN.

*Ira Allan Ginsburg* argued the cause for appellant.

*H. Neil Broder* argued the cause for respondents 434 Lincoln Avenue Associates and Randy Kleinwaks.

The opinion of the court was delivered by

NEWMAN, J.A.D.

This appeal involves a suit brought by plaintiff, G & L Associates, Inc., a tax appeal consultant, against defendant, its client, seeking payment for services rendered pursuant to the terms of a fee agreement. The motion judge dismissed with prejudice plaintiff's claim, finding that the claim was barred by the six-year statute of limitations. The motion judge determined that plaintiff's claim, which was filed on January 20, 1998, accrued on December 13, 1991, the date the tax reduction judgment was entered. Because plaintiff's claim accrued in April 1992, when plaintiff billed defendant for the services rendered in pursuit of the tax appeal pursuant to the payment arrangement specified in the parties' agreement, we reverse.

Viewed in a light most favorable to the non-movant plaintiff, the relevant facts may be summarized as follows. On October 12, 1989, plaintiff G & L Associates, Inc., as successor to G & S

Associates, Inc., and defendant[1] 434 Lincoln Avenue Associates entered into an agreement whereby plaintiff was to perform services for defendant as an agent and consultant in connection with an appeal of real estate tax assessments for the 1989 and 1990 tax years. The provisions of the agreement regarding the parties' fee arrangement provide:

> (d) The undersigned, in connection with the real estate assessment appeal or appeals respecting the above property, agrees to pay G & S Associates, Inc. 20% percent of the amount of the tax savings resulting from such appeal or appeals for the tax year[s] in question.... Such tax savings will be computed upon the basis of the difference between the assessments as made or posted by the originating assessment officials, and the result of any assessment correction or revision through such appeal or appeals.
>
> (e) This fee agreement is applied to the tax year noted above. The tax savings may be reflected or evidenced either by a judgment notice detailing the reduction of the real estate assessment, by a reduced tax bill, or by a rebate or refund of taxes paid.
>
> ....
>
> (g) The undersigned shall pay the fee billed by G & S Associates, Inc. within thirty (30) days after the billing; with interest after such time, at one and one-half percent (1 1/2%) per month thereon, upon the unpaid part of the sum billed. If no adjustment of the real estate assessment is effected, there will be no fee charged by or payment made to G & S Associates, Inc. except for the filing fee.

After two years of gathering evidence, plaintiff successfully completed its services by securing a property tax reduction reflected in a judgment filed on December 13, 1991. Once a property tax reduction judgment is entered, a municipality has one of two settlement options. It can either refund the money to the taxpayer or credit the excess to future tax quarters. Where a cash refund is the method of settlement, the standard practice in the industry is for the municipality to refund the money to the attorney handling the tax appeal, who then, out of the received refund, pays the tax consultant for services rendered on the tax appeal.

---

[1] Despite the naming of numerous defendants, the proceedings below involved and this appeal involves only defendants-respondents 434 Lincoln Avenue Associates and Randy Kleinwaks, hereinafter referred to as defendant.

In March 1992, the City of Orange refunded the money to defendant's attorney, who was handling the matter. Upon learning that a refund rather than a credit on future tax bills had been requested, Gary Gerton, the President of G & L Associates, by letter dated March 25, 1992 to Eugene Kleinwaks, the President of 434 Lincoln Avenue Associates, informed defendant that a bill for the services rendered would be sent to them after they received the refund from the municipality. Subsequently, on April 6, 1992, plaintiff sent a bill to defendant, demanding payment in the amount of $4,227.80 for filing fees and services rendered for the 1989 and 1990 tax appeals. Gerton was told that Kleinwaks directed the attorney handling the tax appeal not to pay plaintiff out of the refund.

Since the April 6, 1992 letter demanding payment, Gerton had numerous contacts with both Randy and Eugene Kleinwaks, reminding them that they owed money from the tax appeal. Gerton's last contact was with Randy Kleinwaks in October 1996, when Randy requested documents concerning the tax appeal and plaintiff's claim of payment. According to Gerton, neither Randy nor Eugene indicated dissatisfaction with plaintiff's work. Randy indicated that if the necessary documents were sent, plaintiff would be paid. The documents were sent, but plaintiff was never paid.

On January 20, 1998, plaintiff filed this action against defendant for breach of contract. In March 1998, defendant filed a motion to dismiss arguing, *inter alia,* that the suit was barred by the statute of limitations. A hearing was held on April 3, 1998. Agreeing with defendant, the motion judge concluded that the six-year statute of limitations accrued on December 13, 1991, the date judgment was entered, and, therefore, plaintiff's claim, which was filed on January 20, 1998, was untimely.

On appeal, plaintiff argues that the motion judge erred in dismissing its claim seeking payment for services rendered by invoking the bar of the six-year statute of limitations, using the

December 13, 1991 judgment date instead of the later date when the tax refund was made and payment was demanded. We agree.

 *N.J.S.A.* 2A:14–1 provides, in relevant part, that:

Every action at law for . . . recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.

In determining when a cause of action accrues, the inquiry is when did the party seeking to bring the action have an enforceable right. *Metromedia Co. v. Hartz Mountain Assocs.,* 139 *N.J.* 532, 535, 655 *A.*2d 1379 (1995) (citing *Andreaggi v. Relis,* 171 *N.J.Super.* 203, 235–36, 408 *A.*2d 455 (Ch.Div.1979)).

 Pursuant to section (d) of the agreement, plaintiff was entitled to twenty percent of the amount of tax savings resulting from the tax appeal for the 1989 and 1990 tax years. The motion judge relied upon section (e) of the contract in finding that defendant's obligation to pay arose on the earliest of either when the judgment was issued, or when a rebate or refund of the taxes was paid. Section (e) provides as follows:

(e) . . . The tax savings may be reflected or evidenced either by a judgment notice detailing the reduction of the real estate assessment, by a reduced tax bill, or by a rebate or refund of taxes paid.

Section (g) of the agreement, however, alters plaintiff's right to sue by providing when plaintiff was entitled to payment. Section (g) provides:

(g) The undersigned shall pay the fee billed by G & S Associates, Inc. within thirty (30) days after the billing; with interest after such time, at one and one-half percent (1 1/2%) per month thereon, upon the unpaid part of the sum billed. . . .

The agreement reflects the industry practice to use the refund paid by the municipality to pay the tax consultant and the taxpayer does not have to reach into its own pocket to pay the fee. Such an arrangement is analogous to a contingent fee method of payment universally observed in tort litigation.

 The commencing of the running of the statute of limitations may be altered by the terms of a writing. In *Guerin v. Cassidy,*

38 *N.J.Super.* 454, 119 *A.2d* 780 (Ch.Div.1955), the executor sued on a writing dated November 18, 1948, to recover a $3000 loan. The court rejected a defense based upon the six-year statute of limitations on the ground that the limitations period did not accrue until the debt became due, which, as reflected in the writing, was when the obligor was financially able to pay. *Id.* at 460, 119 *A.2d* 780. Here, plaintiff's claim accrued in April 1992, when plaintiff billed defendant for services rendered in pursuit of the tax appeal pursuant to the payment arrangement specified in the fee agreement.

Moreover, the goals behind the statute of limitations would not be promoted by barring plaintiff's claim. The purpose of a statute of limitations period is to provide notice to defendants of claims against them and to discourage plaintiffs from sleeping on their rights. *Ochs v. Federal Ins. Co.*, 90 *N.J.* 108, 112, 447 *A.2d* 163 (1982). Defendant will not be deprived of a fair opportunity to defend itself; it had ample notice of plaintiff's demand for payment in April 1992, when it received the letter requesting payment. Defendant received services from plaintiff, which resulted in a favorable judgment reducing the assessment of its real estate taxes and subsequent monetary refund from the City of Orange. Pursuant to the parties' agreement, defendant knew that it would be billed for plaintiff's services and that payment was due within thirty days after billing.

Furthermore, plaintiff did not sleep on its rights. Plaintiff billed defendant in April 1992, when it first learned that the City of Orange had refunded the money. Gerton certifies that he had, up until October 1996, attempted to secure payment from defendant. In October 1996, when plaintiff again demanded payment, defendant requested documents concerning the appeal and indicated that payment would be sent to plaintiff upon its receipt of the requested documents. Plaintiff sent the documents to defendant, but never received payment. After exhausting its effort to collect without litigation, plaintiff finally, as a last resort, brought this action. Plaintiff is entitled to have its day in court.

Reversed and remanded.