**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3502-23

OLIVER V. SHORT,

    Plaintiff-Appellant,

v.

STEVEN M. RESNICK,

    Defendant-Respondent.

_____

> Submitted September 24, 2025 – Decided February 5, 2026
>
> Before Judges Gummer and Paganelli.
>
> On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-0891-24.
>
> Oliver V. Short, self-represented appellant.
>
> Gaeta & Friedman, LLC, attorneys for respondent (William A. Friedman, on the brief).

PER CURIAM

After years of litigating various issues concerning the estate of his mother, plaintiff Oliver V. Short sought in this "replevin" action to compel production

of a law firm's client file. He appeals from an order granting summary judgment to defendant Steven M. Resnick, a lawyer formally affiliated with Budd Larner, P.C., a now-defunct law firm. Based on our de novo review, we affirm.

In a March 11, 2015 consent order in In re Estate of Semple, No. Q-1569 (Ch. Div. Mar. 11, 2015), plaintiff and his brother Harry Kelly Semple, who were the plaintiffs in that lawsuit, reached an agreement with the defendants, Kathryn Susan Semple Romano and Roger Pierce Semple, Jr., regarding the sale of property the parties' mother, Marie Semple, had owned and transferred into a trust. See In re Est. of Semple, No. A-3415-21 (App. Div. July 31, 2024) (slip op. at 2-3). In the consent order, Steven K. Warner of Ventura, Miesowitz, Keogh & Warner, P.C., was identified as the plaintiffs' lawyer; David R. Tawil and Tremain L. Stanley of Budd Larner, P.C., were identified as the defendants' attorneys. Warner executed the consent order on the plaintiffs' behalf; Tawil executed the consent order on the defendants' behalf.

In the consent order, the parties authorized Romano "to take any and all action necessary and/or required to immediately enter into and/or execute the proposed contract of sale . . . such that the pending offer on the property can be accepted without any delay." The consent order contained the following additional provisions:

2

4. Plaintiffs' counsel will receive within twenty four hours, or one business day of receipt by defendants' counsel, whichever is sooner, copies of all documents, including documents that defendant Kathryn Susan Semple Romano executed in her fiduciary capacity with respect to the sale of the property.

5. To expedite completion of the sale, defendants' attorney, Budd Larner[,] P.C. may act as closing attorney for the sale of the property. Plaintiffs hereby waive any conflict of interest for the sole purpose of said representation of the parties and to effectuate final sale of the property. Plaintiffs shall be provided with copies of all closing documents in accordance with paragraph 4 herein.

6. Counsel for both parties are hereby granted permission to communicate with the realtor in writing and with copy to counsel for the other side.

7. Upon completion of closing of title to the property, the net proceeds of sale shall be transferred into the [a]ttorney [t]rust [a]ccount of defendants' attorney, Budd Larner, P.C. Same shall remain held in escrow pending further agreement of the parties and/or [o]rder of the [c]ourt.

Romano executed the contract of sale for the property. A March 31, 2015 deed transferring ownership of the property to the non-party buyers was recorded on April 6, 2015.

On March 7, 2024, plaintiff filed a verified complaint and an application for an order to show cause (OTSC) "seeking relief by way of summary action

3

pursuant to [Rule] 4:61 Replevin."  Plaintiff did not include a copy of the verified complaint in his appellate appendix.  In the OTSC application, plaintiff asked the court to grant his "Writ of Replevin" and to order defendant to deliver to plaintiff "the entire original unredacted Budd Larner Attorney Client file related to the firm's joint representation of the parties in Q-1569 as Closing and Escrow Attorney from March 10th, 2015, to November 2nd, 2015."  He also asked the court to order defendant to produce all communications relevant to an unspecified "breach of duty by the defendant against the plaintiff" and an accounting of the funds held by Budd Larner from March 10, 2015, to November 2, 2015.

In response, defendant cross-moved for summary judgment.  In support of the motion, defendant submitted his counsel's certification.  Counsel attached to the certification emails he described as showing plaintiff had been represented by his own counsel in connection with the sale of the property, his counsel was involved "in the entire process," Romano had retained attorney Frank Biancola "to effectuate the closing of the property," and no retainer agreement existed between plaintiff and Budd Larner.  Plaintiff did not include those documents in his appellate appendix.

A-3502-23

During oral argument of the motion, plaintiff stated under oath that at the time of the sale and at the closing, he was represented by counsel, whom he identified as "Steve Warner." When asked if he had a copy of a personal check he issued to Budd Larner to support his assertion he had paid Budd Larner, plaintiff confirmed Budd Larner had been paid from the proceeds of the sale. In response to the court's question about whether his claim was barred by the six-year statute of limitations on contract claims, plaintiff confirmed, "there [wa]s no contract."

In a decision placed on the record, the court denied plaintiff's OTSC application and granted defendant's cross-motion for summary-judgment. Perceiving no material issue of fact, the court found plaintiff had not presented "one iota of evidence" Budd Larner or any of its attorneys represented plaintiff or that plaintiff "ha[d] any right as a client to a file." The court concluded plaintiff was "seeking . . . documents from a file that did not involve his representation. The file plaintiff [wa]s seeking [was] part of a confidential attorney-client file of his half-sister and half-brother." The court found the 2015 consent order provided Budd Larner would "effectuate" the sale and that plaintiff was represented by Warner from the execution of the consent order through the closing of the sale. The court also found plaintiff's claim was barred

5

by the six-year statute of limitations for contract claims because he had instituted this litigation nine years after the 2015 consent order on which the lawsuit was based. In a May 10, 2024 order, the court granted the summary-judgment motion and dismissed the complaint with prejudice.

Plaintiff moved to alter or amend the May 10, 2024 order pursuant to Rule 4:49-2. Defendant cross-moved to sanction plaintiff pursuant to N.J.S.A. 2A:15-59.1 and Rule 1:4-8. After hearing argument on June 20, 2024, the court placed a decision on the record and entered orders denying plaintiff's motion and granting defendant's motion, directing defendant to submit a certification regarding the counsel fees and costs he had incurred. The court found plaintiff's complaint was frivolous and that plaintiff had engaged in "vexatious" litigation. In a July 22, 2024 order with an attached statement of reasons, the court awarded defendant $2,750 in counsel fees and costs. This appeal followed.

When reviewing summary-judgment orders, we apply the same standard used by the trial court. Boyle v. Huff, 257 N.J. 468, 477 (2024). Under that standard, a court must grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."

A-3502-23

Gayles by Gayles v. Sky Zone Trampoline Park, 468 N.J. Super. 17, 22 (App. Div. 2021) (quoting Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 244 N.J. 189, 199 (2016)).  A genuine issue of material fact exists "only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact."  Gayles, 468 N.J. Super. at 22 (quoting Grande v. Saint Clare's Health Sys., 230 N.J. 1, 24 (2017)).  "If 'the evidence is so one-sided that one party must prevail as a matter of law,' summary judgment is proper."  Meade v. Twp. of Livingston, 249 N.J. 310, 327 (2021) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)) (internal quotation marks omitted).

Applying that standard, we affirm the May 10, 2024 summary-judgment order.  Like the trial court, we perceive no genuine issue of material fact that would serve to defeat defendant's summary-judgment motion.  Plaintiff contends he is entitled to Budd Larner's client file because Budd Larner acted as his counsel in connection with the sale of the property.  An attorney-client relationship exists when there is "some act, some word, some identifiable manifestation" that the purported client relied on the lawyer in his or her professional capacity.  In re Palmieri, 76 N.J. 51, 60 (1978); see also Morris

7

Props., Inc. v. Wheeler, 476 N.J. Super. 448, 464 (App. Div. 2023) (finding "[m]ere interaction does not establish the existence of an attorney-client relationship"). Plaintiff presented no evidence to support his claim defendant or his former firm represented him in connection with the sale. The evidence before the court, including plaintiff's sworn statements during argument, demonstrated he was represented by another lawyer from another firm.

Instead of presenting evidence of an attorney-client relationship, plaintiff relied on language in the 2015 consent order to support his claim of entitlement to Budd Larner's client file. But, as the trial court found, that claim is barred by the applicable six-year statute of limitations.

"A consent judgment is authorized by Rule 4:42-1 and has been characterized as being 'both a contract and a judgment[;] it is not strictly a judicial decree, but rather in the nature of a contract entered into with the solemn sanction of the court.'" Midland Funding, L.L.C. v. Giambanco, 422 N.J. Super. 301, 310 (App. Div. 2011) (alteration in original) (quoting Stonehurst at Freehold v. Twp. Comm. of Freehold, 139 N.J. Super. 311, 313 (Law Div. 1976)). "A consent order is, in essence, an agreement of the parties that has been approved by the court." Hurwitz v. AHS Hosp. Corp., 438 N.J. Super. 269, 292 (App. Div. 2014).

A-3502-23

N.J.S.A. 2A:14-1 sets a six-year statute of limitations "for replevin of goods or chattel" and "for and recovery upon a contractual claim or liability, express or implied." N.J.S.A. 2A:14-1(a); see also O'Keeffe v. Snyder, 83 N.J. 478, 489 (1980) (applying a six-year statute of limitations to a replevin action); In re Est. of Balk, 445 N.J. Super. 395, 398 (App. Div. 2016) (holding "New Jersey applies a six-year statute of limitations to contract claims"). The statute of limitations for plaintiff's replevin claim based on the 2015 consent order ran in 2021. Thus, his claim is time-barred.

Plaintiff's argument that the statute was tolled under the discovery rule because he was not a party to the property sale and did not learn of the location of the documents at issue until 2022 is to no avail. In determining when a cause of action accrued in a contract claim, "the inquiry is when did the party seeking to bring the action have an enforceable right." G & L Assocs., Inc. v. 434 Lincoln Ave. Assocs., 318 N.J. Super. 355, 359 (App. Div. 1999). Plaintiff does not dispute he knew or should have known the closing took place in 2015, and the language of the consent order on which he relies is clear. If plaintiff's theory of the case – the consent order gave him a right to copies of the documents at issue – were correct, he would have had an enforceable right to the copies within twenty-four hours of the closing. Thus, his claim accrued in 2015 when he

9

purportedly did not receive the documents after the closing.

We acknowledge that "in general, 'summary judgment is inappropriate prior to the completion of discovery.'" Hollywood Cafe Diner, Inc. v. Jaffee, 473 N.J. Super. 210, 219 (App. Div. 2022) (quoting Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 498 (App. Div. 2012)). However, "a motion for summary judgment is not premature merely because discovery has not been completed, unless [the] plaintiff is able to 'demonstrate with some degree of particularity the likelihood that further discovery will supply the missing elements of the cause of action.'" Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015) (quoting Wellington v. Est. of Wellington, 359 N.J. Super. 484, 496 (App. Div. 2003)) (internal quotation marks omitted); see also Trinity Church v. Lawson-Bell, 394 N.J. Super. 159, 166 (App. Div. 2007) (holding the requirement to identify "what further discovery is required . . . is particularly significant where the summary judgment motion concerns a statute of limitations defense, since statutes of limitations are designed to accord defendants repose from litigation").

Plaintiff did not argue before the trial court or this court that discovery would have "suppl[ied] the missing elements" of his cause of action nor did he identify what that additional discovery would be. Badiali, 220 N.J. at 555.

A-3502-23

Thus, he waived that argument. See Alloco v. Ocean Beach & Bay Club, 456 N.J. Super. 124, 145 (App. Div. 2018) (applying the "well-settled" principle that appellate court will not consider an issue that was not raised before the trial court); Morris v. T.D. Bank, 454 N.J. Super. 203, 206 n.2 (App. Div. 2018) ("An issue not briefed is deemed waived on appeal.").

In addition to the summary-judgment order, plaintiff listed in his notices of appeal orders dated June 20, 2024, and July 22, 2024. However, in his merits brief, plaintiff presented arguments only as to the summary-judgment order; he did not address the merits of any of the other orders. In his reply brief, plaintiff included one paragraph in which he asserted, without any citation to law, that his claim was not frivolous. "Raising an issue for the first time in a reply brief is improper." Borough of Berlin v. Remington & Vernick Eng'rs, 337 N.J. Super. 590, 596 (App. Div. 2001). Given that improper submission and plaintiff's failure to address the merits of the June 20, 2024 and July 22, 2024 orders in his merits brief, we deem issues regarding those orders waived and decline to consider them. See Morris, 454 N.J. Super. at 206 n.2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

11

A-3502-23