NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1197-14T2

APPROVED FOR PUBLICATION

May 12, 2016

APPELLATE DIVISION

IN THE MATTER OF THE ESTATE
OF SOLOMON Z. BALK, DECEASED.

_____

Submitted April 19, 2016 — Decided May 12, 2016

Before Judges Fisher, Espinosa, and Currier.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. 91349.

Jarred S. Freeman, attorney for appellant Mark Roseman.

Indik & McNamara, P.C., and Kulzer & DiPadova, P.A., attorneys for respondents Michael Balk, individually and as co-administrator of the Estate of Solomon Z. Balk, and Mark S. Pinnie, Esquire, as executor of the Estate of Mark Balk, and as co-administrator of the Estate of Solomon Z. Balk (Thomas S. McNamara, of counsel; Eric A. Feldhake, on the brief).

The opinion of the court was delivered by

CURRIER, J.S.C. (temporarily assigned).

Mark Roseman, the prior executor of the estate of Solomon Z. Balk (the Estate), appeals the September 2, 2014 order granting judgment against him for an unpaid principal due under a settlement agreement and promissory note associated with the

Estate. After reviewing the contentions advanced on appeal in light of the facts in the record and the applicable law, we affirm.

Prior to Solomon's[1] death, he executed a will naming Roseman as the executor, trustee and a beneficiary. His two sons, Mark and Michael, were residuary beneficiaries of a trust designated in the will.

After Solomon's death and probate of the will in New Jersey, Mark and Michael filed an action against Roseman, alleging breach of fiduciary duty and seeking to remove him as the executor of the estate. On June 4, 2007, Roseman entered into a settlement agreement with the Estate and both beneficiaries, agreeing to execute a promissory note in the amount of $800,000, as settlement of all claims between the parties.[2] The terms of the note required Roseman to make an initial installment of $10,000 within sixty days of its signing. The remaining payments were to be made in installments as follows: $40,000 on December 3, 2007; $80,000 on June 3, 2008; $100,000 on December 3, 2008; and the outstanding balance of the

---

[1] We use the first names for purposes of clarity. We intend no disrespect in doing so.

[2] A consent order executed the same day removed Roseman as executor and appointed new co-administrators, dismissing all litigation between the parties.

note was to be satisfied within twenty-four months of the date of execution. Failure to pay the initial or any subsequent installment payment entitled the Estate to a judgment for the entire unpaid amount. The agreement contained a choice-of-law provision requiring it to be governed by New Jersey law.

Between August 2007 and January 2009, Roseman remitted $37,047 towards the promissory note repayments. He failed to pay the initial sum or the installment payments later required by the note in full. On June 2, 2014, Michael for the first time sought to recover damages for Roseman's failure to honor his obligations by filing a motion to enforce the settlement agreement and for entry of judgment against Roseman.[3]

Roseman opposed the motion, contending that Pennsylvania law should govern this matter as he and Michael resided in Pennsylvania, the acts alleged against him had taken place there, and the promissory note contained a Pennsylvania choice-of-law provision and had been executed in that state. Under Pennsylvania law, the four-year statute of limitations on contract claims had already expired. In contrast, New Jersey

_____

[3] Prior to filing the New Jersey action, Michael caused judgment by confession to be entered in the Court of Common Pleas of Delaware County, Pennsylvania, against Roseman in November 2013. The judgment was later vacated by praecipe and the Estate dismissed the action without prejudice in March 2014.

applies a six-year statute of limitations to contract claims. N.J.S.A. 2A:14-1.

In a written decision, the judge noted the presumptive application of New Jersey statutes of limitations to New Jersey cases unless: "maintenance of the claim would serve no substantial interest of New Jersey; or the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence." He held:

> The State of New Jersey has a substantial interest in protecting the rights and interests of beneficiaries of the estates of New Jersey decedents whose wills have been admitted for probate in New Jersey from breaches of duty and other misconduct by executors . . . who are responsible for the administration of such estates. In addition, the State of New Jersey has a strong public policy favoring the settlement of litigation. Accordingly, the State . . . has a substantial interest in ensuring that the beneficiaries of New Jersey decedents who enter into settlement agreements with executors responsible for the administration of the estates of New Jersey decedents, to resolve claims for breaches of duty and other misconduct against such executors, are able to enforce such agreements and recover for their breach.

Finding that Pennsylvania did not have a more significant relationship to the parties or the occurrences than did New Jersey, the judge concluded that New Jersey's six-year statute of limitations was applicable. Using the installment contract

approach to determine the accrual date of the Estate's claims, the judge found the Estate was entitled to collect on each of the installment payments that was due and owed by Roseman on and after June 3, 2008.

On appeal, Roseman argues: (1) the judge erred in applying the installment contract approach; and (2) the Estate's claim accrued when the initial payment was not made, and therefore fails even under the six-year statute of limitations. He raised a number of new issues in a supplemental brief.[4]

A settlement agreement is subject to the ordinary principles of contract law. Thompson v. City of Atlantic City, 190 N.J. 359, 374 (2007). "Interpretation and construction of a contract is a matter of law for the court subject to de novo review." Fastenberg v. Prudential Ins. Co. of Am., 309 N.J. Super. 415, 420 (App. Div. 1998). "Accordingly, we pay no special deference to the trial court's interpretation and look

---

[4] In a supplemental brief, Roseman makes an alternative argument for the first time that the amount of the judgment should be reduced because the settlement agreement imposed on the Estate the duty to mitigate damages; he argues the Estate failed to demonstrate reasonable efforts in complying with this clause. This argument was not presented in Roseman's opposition to the motion filed in the trial court, and therefore it need not be addressed by us. State v. Robinson, 200 N.J. 1, 19 (2009) ("The jurisdiction of appellate courts rightly is bounded by the proofs and objections critically explored on the record before the trial court by the parties themselves."). We also note that Roseman entered into the agreement and promissory note for the agreed-upon sum of $800,000.

at the contract with fresh eyes." Kieffer v. Best Buy, 205 N.J. 213, 223 (2011); see Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").

In determining when the Estate's cause of action accrued, the judge applied the "installment contract" approach. The installment contract method provides that "claims based on installment contracts or other divisible, installment-type payment requirements accrue with each subsequent installment. In other words, a new statute of limitations begins to run against each installment as that installment falls due and a new cause of action arises from the date each payment is missed." Cnty. of Morris v. Fauver, 153 N.J. 80, 107 (1998) (citing Metromedia Co. v. Hartz Mountain Assocs., 139 N.J. 532, 535-36 (1995)). Unless there is a repudiation, "a plaintiff may sue for each breach only as it occurs because '[t]o hold otherwise would allow a claimant to trigger the statute of limitations upon presentation of a claim rather than having the existence of a claim trigger the statute of limitations.'" Id. at 108 (alteration in original) (quoting Metromedia, supra, 139 N.J. at 536).

Roseman does not contend that there was a repudiation in this matter, but rather argues that his failure to make the first installment payment constituted a total breach under the agreement, preventing application of the installment approach and theory of accrual. We disagree.

In looking at installment contracts, our Supreme Court has held that, "absent a repudiation, a plaintiff may sue for each breach only as it occurs, and the statute of limitations begins to run at that time." Metromedia, supra, 139 N.J. at 535 (citing Corbin on Contracts § 989 (1951)).

A repudiation "entails a statement or 'voluntary affirmative act' indicating that the promisor 'will commit a breach' when performance becomes due." Franconia Assocs. v. United States, 536 U.S. 129, 143, 122 S. Ct. 1993, 2002, 153 L. Ed. 2d 132, 146 (2002) (citing Restatement (Second) of Contracts § 250 (1981)). In an installment contract, the first instance of a failure to perform is a "partial breach" and not a "total breach" unless accompanied by a repudiation that is anticipatory with respect to performances due in the future. Corbin, supra, § 954. Other jurisdictions have established this general rule, finding that "a breach of an installment contract by non-payment does not constitute a breach of the entire contract." U.S. Bank Nat'l Ass'n v. Gullotta, 899 N.E.2d 987, 992 (Ohio 2008); see

also <u>Nat'l Util. Serv. v. Cambridge-Lee Indus.</u>, 199 <u>F. App'x</u> 139, 143 (3d Cir. 2006) ("In a[n] . . . installment contract, the first instance of a continuing breach alone is not a 'total breach' unless accompanied by an anticipatory repudiation of performance due in the future.") (citing Corbin, <u>supra</u>, § 954).

In adhering to these principles, we find that a missed payment is insufficient to constitute a total breach of an installment contract or agreement unless accompanied by anticipatory repudiation indicating a failure to perform future obligations specified in the contract.

Although Roseman breached his obligation to pay the first installment in 2007, there was no repudiation or total breach of the promissory note at that time because there was no indication that Roseman would not fulfill his future obligations. To the contrary, Roseman remitted $37,000 to the Estate over the next several years.

We find the judge appropriately applied the installment method as there was no repudiation or total breach of the promissory note. Roseman's conduct of paying monies over the next several years belies any argument that he did not intend to honor the agreement.

The Estate is entitled to all payments which were due from the six years prior to the motion's filing date of June 2, 2014;

therefore, we find the judge's conclusion that the Estate is "entitled to collect on each of the installment payments that was due and owing by Roseman on and after June 3, 2008" to be correct.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1197-14T2