**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3842-16T2

PATHWAY CONDOMINIUM ASSOCIATION,
INC., a New Jersey Nonprofit
Corporation and DARDANELLE
CONDOMINIUM ASSOCIATION, INC., a
New Jersey Nonprofit Corporation,

    Plaintiffs-Appellants,

v.

OCEAN GROVE CAMP MEETING
ASSOCIATION OF THE UNITED
METHODIST CHURCH, a New Jersey
Nonprofit Corporation,

    Defendant-Respondent.

_____

Argued May 24, 2018 — Decided June 28, 2018

Before Judges Reisner, Gilson, and Mitterhoff.

On appeal from Superior Court of New Jersey,
Law Division, Monmouth County, Docket No.
L-0313-17.

James T. Hundley argued the cause for
appellants (Hundley and Bradley, LLC,
attorneys; James T. Hundley, of counsel and
on the brief).

Edward C. Eastman argued the cause for
respondent (Davidson, Eastman, Muñoz,

Lederman & Paone PA, attorneys; Michael J. Fasano, on the brief).

PER CURIAM

Plaintiffs Pathway Condominium Association, Inc. (Pathway) and Dardanelle Condominium Association, Inc. (Dardanelle) (collectively, plaintiffs) appeal from a March 31, 2017 order dismissing their complaint with prejudice. In their complaint, plaintiffs sought to void two ground leases for the land on which their condominiums are located and to recover all rents paid under the leases. We affirm because plaintiffs' claims are time-barred by the applicable six-year statute of limitations, N.J.S.A. 2A:14-1, and their claim that condominiums cannot be held as leasehold interests lacks merit.

I.

Ocean Grove is a locality consisting of approximately 260 acres of land in Neptune Township. The land is owned by the Ocean Grove Camp Meeting Association of the United Methodist Church (OG Association).

Pathway and Dardanelle are two condominium associations located in Ocean Grove. Pathway has twenty-two units and is located on land that is 11,431 square feet. Dardanelle has six units and is located on a 0.08 acre parcel of land.

In 1870, OG Association acquired the approximate 260 acres that constitute Ocean Grove. Thereafter, the OG Association subdivided the land and leased those lots. The developers of Pathway and Dardanelle acquired assignments of ground leases to the land on which they planned to build the condominiums. The developer for Pathway was assigned the leases for the land in 2004, and thereafter it consolidated those lots in 2005 and 2006. The lease for Dardanelle was acquired by assignment in 2006.

On November 27, 2006, the developer of Dardanelle signed a lease agreement with OG Association (Dardanelle Lease Agreement). Under the Dardanelle Lease Agreement, OG Association consented to the property's conversion to a condominium form of ownership under the Condominium Act, N.J.S.A. 46:8B-1 to -38. The Lease Agreement also required each unit owner, as a sublessee, to pay an annual land rental fee to OG Association.

The terms of the Dardanelle Lease Agreement were thereafter incorporated into the Master Deed for Dardanelle and its by-laws. In November 2007, the land for Dardanelle was converted into a condominium form of ownership when the Master Deed, dated December 1, 2006, was recorded.

On September 1, 2010, the developer of Pathway signed a lease agreement with OG Association (Pathway Lease Agreement). Under that agreement, OG Association consented to the conversion of the

Pathway property to a condominium form of ownership under the Condominium Act. The Pathway Lease Agreement also required each unit owner, as a sublessee, to pay an annual land rental fee to OG Association.

The terms of the Pathway Lease Agreement were, thereafter, incorporated into the Master Assignment of Lease for Pathway and its by-laws. On September 9, 2010, the land for Pathway was converted into a condominium form of ownership when the Master Assignment of Lease was recorded.

Beginning in 2007, the unit owners of Dardanelle paid the annual land rent to OG Association. The unit owners of Pathway have paid the annual land rent to OG Association since 2010.

On January 24, 2017, Pathway and Dardanelle filed suit against OG Association seeking to declare the Pathway Lease Agreement and the Dardanelle Lease Agreement void. Plaintiffs contended that those lease agreements violated the Condominium Act because they constituted leasehold interests and, under the Act, condominiums can only be owned in fee simple. Plaintiffs also sought to recover all rents paid to OG Association under the leases.

In response, OG Association filed a motion to dismiss plaintiffs' complaint for failure to state a claim under Rule 4:6-2(e). OG Association also argued that the claims were barred by the applicable statute of limitations.

The trial court heard oral arguments on March 31, 2017. That same day, the court granted the motion and entered an order dismissing plaintiffs' complaint with prejudice. The court identified two grounds for its ruling. First, the court reasoned that the Condominium Act allowed condominiums to be held as leasehold interests. Accordingly, the court ruled that the lease agreements were valid. Second, the court reasoned that plaintiffs' claims were barred by the six-year statute of limitations under N.J.S.A. 2A:14-1. Pathway and Dardanelle appeal from the March 31, 2017 order.

## II.

On appeal, plaintiffs make two arguments. First, they contend that the lease agreements with OG Association are contrary to the Condominium Act and, therefore, are void under the Act. Second, they argue that the six-year statute of limitations does not apply to their claims; rather, their claims are governed by either the twenty-year statute of limitations under N.J.S.A. 2A:14-7, or the sixteen-year statute of limitations under N.J.S.A. 2A:14-4. We are not persuaded by either of these arguments and, therefore, we affirm.

We first will address the applicable statute of limitations and then analyze plaintiffs' arguments under the Condominium Act. Initially, we set forth our standard of review. Both questions

presented on this appeal are questions of law, which we review de novo. See, e.g., Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017) (stating that "when analyzing pure questions of law raised in a dismissal motion, such as the application of a statute of limitations, we undertake a de novo review."); see also Cashin v. Bello, 223 N.J. 328, 335 (2015) (stating that an appellate court's review of statutory construction is de novo).

We also review de novo an order dismissing a complaint for failure to state a claim. State ex rel. Campagna v. Post Integrations, Inc., 451 N.J. Super. 276, 279 (App. Div. 2017). "When reviewing a motion to dismiss under Rule 4:6-2(e), we assume that the allegations in the pleadings are true and afford the pleader all reasonable inferences." Sparroween, LLC v. Twp. of W. Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017) (citation omitted). "Where, however, it is clear that the complaint states no basis for relief and that discovery would not provide one, dismissal of the complaint is appropriate." Ibid. (quoting J.D. ex. rel. Scipio-Derrick v. Davy, 415 N.J. Super. 375, 397 (App. Div. 2010)).

A.    The Statute of Limitations

In counts one and three of their complaint, plaintiffs sought to void the Pathway Lease Agreement and the Dardanelle Lease

Agreement. In counts two and four of their complaint, plaintiffs sought to recover the rents paid under the lease agreements.

The statute of limitations applicable to all of those claims is set forth in N.J.S.A. 2A:14-1. That statute provides, in relevant part, "[e]very action at law . . . for recovery upon a contractual claim or liability, express or implied, not under seal, . . . shall be commenced within 6 years next after the cause of action shall have accrued." That statute is applicable to claims for alleged breaches of lease agreements or to void such agreements. See Fox v. Millman, 210 N.J. 401, 414-15 (2012) (explaining the general applicability of the six-year statute of limitations under N.J.S.A. 2A:14-1); see also In re Estate of Balk, 445 N.J. Super. 395, 398 (App. Div. 2016) ("New Jersey applies a six-year statute of limitations to contract claims.").

Here, plaintiffs seek to void contracts; that is, the lease agreements. Thus, their action needed to be brought within six years of the accrual of that cause of action. The Dardanelle Lease Agreement was signed on November 27, 2006, and the Pathway Lease Agreement was signed on September 1, 2010. The obligations to pay a land rental fee to OG Association were established by those lease agreements. Consequently, all of plaintiffs' causes of action accrued by September 2010. Plaintiffs filed their complaint on January 21, 2017. Because the complaint was filed

more than six years after the causes of action accrued, all the claims were time-barred.

Plaintiffs argue that the statute of limitations applicable to their claims to void the lease agreements is the twenty-year period under N.J.S.A. 2A:14-7. They also contend that the statute of limitations applicable to their claim to recover the rent payments is the sixteen-year period under N.J.S.A. 2A:14-4. We disagree.

N.J.S.A. 2A:14-7 states: "Every action at law for real estate shall be commenced within 20 years next after the right or title thereto, or cause of action shall have accrued." Our Supreme Court has explained that that statute is applicable to claims for damages resulting from the adverse possession of real property or for ejectment. J&M Land Co. v. First Union Nat'l Bank, 166 N.J. 493, 505, 515, 521 (2001). Accordingly, N.J.S.A. 2A:14-7 is not applicable to plaintiffs' claims to void the lease agreements.

N.J.S.A. 2A:14-4 applies to "a lease under seal." Specifically, that statute provides, in relevant part: "Every action at law for rent or arrears of rent, founded upon a lease under seal, . . . shall be commenced within 16 years next after the cause of any such action shall have accrued."

The term "seal" has a specific and defined meaning. N.J.S.A. 1:1-2.1. Accordingly, that statute explains:

> Every instrument, to which it is required or permitted by law that a seal be attached, shall be deemed to be sealed when there is affixed thereto, or printed, impressed or marked thereon a scroll or other device by way of a seal, and no such instrument shall be impeached or questioned for lack of a wax seal.

"Words in the body of the instrument such as 'sealed with our seals,' which are not accompanied by a scroll or device, are not sufficient. A scroll, not accompanied by words indicating the sealing of the instrument by the maker thereof, is insufficient." Fid. Union Tr. Co. v. Fitzpatrick, 134 N.J.L. 250, 251-52 (1946). Accordingly, to create a sealed instrument, there must be both a statement of sealing and a device, such as a seal, scroll, impression, mark, or other device.

Here, the lease agreements were not sealed. There was no seal, scroll, impression, mark, or other device on the Pathway or Dardanelle Lease Agreements. Instead, each lease agreement was signed by a representative of the condominiums' developers and by the OG Association. Preceding the signatures of the representatives, the Lease Agreements stated that those representatives were setting "their hand and seal." Those words alone, however, did not create a sealed lease within the meaning of N.J.S.A. 1:1-2.1 and N.J.S.A. 2A:14-4.

Finally, we reject plaintiffs' argument that even if their claims are subject to a six-year statute of limitations, the annual land rental fees created a continuing obligation and, therefore, they are entitled to recover rental payments for the six years prior to January 24, 2017. Plaintiffs' argument is that the rental fees are not allowed because the lease agreements were void under the Condominium Act. In other words, if the lease agreements are lawful, there is no continuing violation from the collection of annual rents. Thus, plaintiffs' continuing obligation argument fails. Instead, to the extent that the cause of action accrued, it accrued when the lease agreements were signed in 2006 and 2010.

B.   The Condominium Act

Although plaintiffs' claims are barred by the statute of limitations, we nonetheless address the substance of their claim that the lease agreements are not allowed under the Condominium Act. Plaintiffs contend that the Condominium Act does not authorize a condominium to be developed on land that is acquired as a leasehold interest and in which unit owners are required to pay an annual land rental fee to the lessor. We disagree because the Act expressly allows leasehold condominiums, and the unit owners were informed of the annual land rent obligation prior to acquiring their leasehold ownership interests.

Section 8 of the Condominium Act states:

> A condominium may be created or established
> by recording in the office of the county
> recording officer of the county wherein the
> land is located a master deed executed and
> acknowledged by all owners or the lessees
> setting forth the matters required by
> [N.J.S.A. 46:8B-9] and [N.J.S.A. 46:23-9.11].
> The provisions of the "Condominium Act,"
> [N.J.S.A. 46:8B-1 to -38] shall apply solely
> to real property of interests therein which
> have been subjected to the terms of [the
> Condominium Act] as provided in this section.
>
> [N.J.S.A. 46:8B-8.]

Section 8.1 of the Condominium Act then clarifies:

> Nothing in the act to which this act is a
> supplement shall be construed to prevent the
> creation and establishment of a condominium
> as defined in this act, upon land held under
> a lease by the lessee or creator of the
> condominium, provided that the master deed
> required under this act shall be signed, not
> only by the lessee, but also by the lessor of
> the land who holds the legal title to the land
> in fee simple.
>
> [N.J.S.A. 46:8B-8.1.]

The Act also explains that "[a]ny unit may be held and owned by one or more persons in any form of ownership, real estate tenancy or relationship recognized under the laws of this State." N.J.S.A. 46:8B-5.

Read in conjunction, those provisions expressly allow the land to be held under a lease, N.J.S.A. 46:8B-8.1, and the units to be held as a "real estate tenancy."  N.J.S.A. 46:8B-5.  A real

estate tenancy includes a tenancy established by a lease. See Black's Law Dictionary 1477 (7th ed. 1999) (defining "tenancy" as "[t]he possession or occupancy of land by right or title, esp. under a lease; a leasehold interest in real estate.").

Plaintiffs rely on a separate statute and a statutory provisions to contend that ground leases are not permitted under the Condominium Act. First, they cite to and make arguments concerning the Horizontal Property Act, N.J.S.A. 46:8A-1 to -28. The short and simple answer to that argument is that the condominiums here were created expressly under the Condominium Act and not the Horizontal Property Act.

Second, plaintiffs cite to N.J.S.A. 46:8B-3(q), which defines a "[u]nit [o]wner" as "the person or persons owning a unit in fee simple." That definition, however, was part of the original Condominium Act passed in 1969. In 1973, the Legislature amended the Condominium Act to add Section 8.1, which expressly authorizes condominiums on lands held under a lease. N.J.S.A. 46:8B-8.1. Accordingly, Section 8.1 expressly controls both by its language and by the fact that it is a clarifying amendment. See McGovern v. Rutgers, 211 N.J. 94, 107-08 (2012) (holding that the court's role in interpreting a statute "is to determine and effectuate the Legislature's intent," starting with the statute's plain language); see also In re D.C., 146 N.J. 31, 51 (1996) ("The

purpose of a curative amendment is . . . to 'remedy a perceived imperfection in or misapplication of a statute.' . . . The amendment explains or clarifies existing law and brings it into 'harmony with what the Legislature originally intended.'" (citations omitted)).

We also note that plaintiffs' argument is premised on the concept that units must be held in fee simple. The lease agreements here relate to the ground on which the condominiums were developed. Even if units were held in fee simple, there is nothing in the Condominium Act that prevents Pathway's Master Lease Agreement or Dardanelle's Master Deed from requiring unit owners to pay an annual rental fee on the ground lease.

Here, both the Pathway Master Lease Agreement and the Dardanelle Master Deed expressly informed all unit owners that the ground on which the condominiums were developed are held under lease agreements. The Pathway Master Lease Agreement and the Dardanelle Master Deed also expressly informed the unit owners that they will have to pay an annual rental fee to OG Association as the lessor of the land.[1]

---

[1] Plaintiffs also made a third argument contending that they did not waive their claims that the Lease Agreements were unconscionable under section 8 of the Act. N.J.S.A. 46:8B-32. Plaintiffs did not raise that argument in their merits brief and defendant accordingly moved to strike the argument when it was

In summary, we affirm the dismissal of plaintiffs' complaint, because the claims are barred by the applicable six-year statute of limitations and otherwise lack merit.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

raised in plaintiffs' reply brief. We reserved on that motion. We note that the trial court did not address this argument in its March 31, 2017 decision. Further, because we are holding that the claims are barred by the applicable statute of limitations, we need not reach the unconscionability argument. Accordingly, the reserved motion is moot.

A-3842-16T2