**NOT FOR PUBLICATION WITHOUT THE APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3413-16T1

THE LOFT COMMONS
CONDOMINIUM
ASSOCIATION, INC.,

      Plaintiff-Respondent,

v.

CHUANRUN CHEN,

      Defendant-Appellant,

and

CHUANYU CHEN,

      Defendant.

_____

        Submitted October 30, 2018 – Decided March 5, 2019

        Before Judges Suter and Firko.

        On appeal from Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-1211-16.

        Steven H. Schefers, attorney for appellant.

Cutolo Barros, LLC, and Law Offices of William E. Staehle, attorneys for respondent (Jason N. Sena and Gina M. Kourtesis, on the brief).

PER CURIAM

Defendant Chuanrun Chen appeals the orders that imposed judgment against him for past due condominium fees and related charges, and dismissed his counterclaim for damages. He raised one issue on appeal involving what he claimed was the inaccurate measurement of his condominium unit, which was used to determine the condominium fee. Because we agree there was no genuine issue of material fact about this, and because this claim was raised after the statute of limitations expired, we affirm the orders defendant has appealed.

Defendant and his brother, defendant Chuanyu Chen,[1] were the owners of a condominium unit located in the Loft Commons Condominium Association, Inc.[2] (plaintiff). In October 2015, plaintiff filed a complaint in the Special Civil Part against defendants for failure to pay their proportionate share of expenses and administrative costs of operating the association. Pursuant to the Master Deed for the association and other governing documents, the complaint alleged

---

[1] Defendant Chuanyu Chen has not appealed.

[2] Plaintiff is a New Jersey non-profit corporation organized under the New Jersey Condominium Act, N.J.S.A. 46:8B-1 to -38.

2

that a unit owner was required to pay common expenses assessed by plaintiff based on each unit's percentage interest in the association's common elements. Plaintiff's "loft unit square footage and percentage" record shows defendant's unit is 834 square feet with a percentage common interest of 2.002209 percent, which is exactly the percentage interest shown in defendant's unit deed. The floor plan for defendant's unit also shows it is 834 square feet.

Defendant, who was self-represented, filed a counterclaim. He alleged that over the past twenty-five years, plaintiff over-charged him by ten percent per month for condominium fees because it had acquired his sixty square foot courtyard for a common area, reducing defendant's space to 775 square feet. He claimed plaintiff discriminated against him "in all social activities including Board elections," and that he was deprived of a $5000 refund from a settlement plaintiff made with the developer. Defendant asserted his unit was "uninhabitable because of a water leak from the common area." The counterclaim demanded $76,000, comprised of $6000 for the maintenance fee issue, $20,000 for "land value" and $50,000 for a twenty percent interest rate on the $5000 refund. Plaintiff denied all the allegations.

Following a period for discovery and an order compelling defendant to provide discovery that he did not follow, plaintiff filed motions for summary

judgment and to dismiss.[3]   The judge granted both motions for summary judgment, which dismissed the counterclaim, and found defendant liable for $11,234.42 in outstanding fees, costs and attorney's fees.[4]   He also granted the discovery motions filed under Rule 4:23-5(a), dismissing without prejudice the counterclaim for failure to provide discovery, "because there could be appellate review."

We need not detail the court's reasons for dismissing the counterclaim because on appeal defendant only challenges the condominium fee assessment. On this issue, defendant argued that his unit was 775 square feet because he said plaintiff had acquired his patio[5] for a common area.  He also alleged his unit was approximately 775 square feet based on a 2007 contractor's estimate or, alternatively, 680 square feet based on plaintiff's Board minutes from 2002 that mentioned a proposal for some type of future construction that was not explained

---

[3]  The Law Offices of William E. Staehle represented plaintiff on a portion of the counterclaim not including the discrimination claim; Cutolo Mandel LLC represented plaintiff on the other claims and its affirmative claims.

[4]  A default judgment was entered against defendant Chuanyu Chen for the same amount.  The order was amended later to provide joint and several liability against both defendants "representing amounts due through December 2016, plus post-judgment interest."

[5]  This was at times estimated to be sixty square feet and at others, 140 square feet.

in the minutes. The court found defendant's "inadequate" proofs did not show any issue of material fact and were pulled out of "thin air." The counterclaim failed to state a cause of action and was barred by the statute of limitations.

On appeal, defendant broadly contends the court erred by granting the orders for summary judgment that dismissed his counterclaim and that entered judgment against him in favor of plaintiff. However, the argument in his brief was confined to the square foot issue, asserting that he provided sufficient detail on the size of the unit and the assessments to have a trial on that issue. He contends the court should have more leniently interpreted his counterclaim because he was self-represented. Defendant claimed he was not out of time to raise this issue because plaintiff continues to bill him for these fees. He suggests he would be able to provide discovery if the case were reinstated.

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted if, when viewed in a light most favorable to the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida

Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)). To defeat a summary judgment motion, the opponent must "come forward with evidence that creates 'a genuine issue as to any material fact challenged.'" Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 529 (1995); see Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016) (quoting R. 4:46-2).

We agree there were no genuine issues of material fact. The record did not support defendant's claim that plaintiff acquired his courtyard to use as a common area. He submitted no proof plaintiff took any action in that regard, passed any such resolution or that his deed was amended to reduce his ownership percentage. He did submit photographs showing that some units had privacy fences but his and others did not; however, that was not evidence of an acquisition of his property for common uses. The masonry contractor's 2007 estimate that he also relied on was an approximation because it said so expressly; it did not claim to be an actual measurement. The Board minutes from 2002 were about some type of proposal defendant never showed was relevant to this issue. We simply do not know what if anything was measured. None of these materials raised any genuine issues of fact, even considering them in a favorable light to defendant.

A-3413-16T1

We also agree defendant's claim was stale under the six-year statute of limitations. N.J.S.A. 2A:14-1. That statute provides, in relevant part, "[e]very action at law . . . for recovery upon a contractual claim or liability, express or implied, not under seal . . . shall be commenced within [six] years next after the cause of action shall have accrued." Ibid. See In re Estate of Balk, 445 N.J. Super. 395, 398 (App. Div. 2016) ("New Jersey applies a six-year statute of limitations to contract claims.").

Defendant relied on a contractor's estimate from 2007 and Board minutes from 2002. He wanted a refund covering a twenty-five year period, indicating that none of his allegations were of recent vintage. He did not claim he had just learned about these when he filed his counterclaim in November 2015, which was well beyond the six-year limit. Because the assessment was lawful, there was no continuing violation by collecting it, nor did he allege a "continual, cumulative pattern of tortious conduct." See Wilson v. Wal-Mart Stores, 158 N.J. 263, 271-75 (1999) (discussing the theory of continuing torts).

Defendant abandoned any other claims about the orders he appealed by not addressing them in his appellate brief. See Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011) (citing Jefferson Loan Co. v. Session, 397 N.J. Super. 520, 525 n.4 (App. Div. 2008) and Zavodnick v. Leven, 340 N.J. Super.

94, 103 (App. Div. 2001)); see also Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2019).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3413-16T1